JUDGE CAPRONI

PREET BHARARA
United States Attorney for the
Southern District of New York
By: ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2743
Facsimile: (212) 637-2730
Email: ellen.blain@usdoj.gov

15 CV 04180

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff,

　v.

RIVERBAY CORPORATION,

　　　　　　　　Defendant.

---

15 Civ. _____

**COMPLAINT**

**ECF CASE**

RECEIVED JUN 01 2015 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, the United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for declaratory relief, injunctive relief, and monetary damages under the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.* (the "Act"), brought by the United States of America to redress discrimination on the basis of disability.

2. As alleged more fully below, defendant Riverbay Corporation ("Riverbay"), located in the Bronx, New York, and commonly referred to as "Co-op City," is the owner and operator of the largest affordable housing cooperative in the United States, with approximately 15,372 residential units and 60,000 residents. Riverbay has maintained and employed an overly burdensome and intrusive policy governing waivers to its "no pets" rule, which has deterred and

prevented persons with disabilities from obtaining reasonable accommodations. Riverbay has used this policy to unlawfully deny accommodation requests of persons with disabilities, and has engaged in a pattern and practice of hostile activity toward persons with disabilities who request accommodations from its "no pets" rule.

3. Riverbay's conduct violates the Act and should be declared unlawful and enjoined, and appropriate monetary damages should be awarded.

## JURISDICTION, VENUE, AND PARTIES

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o) and § 3614(a).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there, and the property that is the subject of this suit is located there.

## PARTIES AND PROPERTY

6. The United States of America is the plaintiff in this action.

7. Riverbay maintains a principal place of business at 2049 Bartow Avenue, Bronx, New York 10475.

8. The residential units in Riverbay are "dwelling[s]," as defined by the Fair Housing Act, 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

### Riverbay's Policies Regarding Service Animals and Pets

9. At all times relevant to this Complaint, Riverbay's standard occupancy agreement contained a provision that prohibited "dogs or other animals of any kind" from being kept on Riverbay's premises.

10. Until December 2011, when Riverbay amended its policy and application governing reasonable accommodations, Riverbay's application for requesting a reasonable accommodation to its no pets rule ("Policy I") consisted of five forms (including one to be completed in blue ink and one to be typewritten), prohibited certain breeds of dogs, required animals to be neutered or spayed, imposed annual renewal requirements, and required the applicant to provide his or her medical records.

11. In addition to completing this application process, Riverbay often required individuals seeking a reasonable accommodation to Riverbay's no pets rule to attend an interview with Riverbay agents.

12. In December 2011, Riverbay amended its reasonable accommodation policy ("Policy II"), but left in place many of the provisions in Policy I, including the provisions prohibiting certain breeds of dogs altogether and requiring that assistance animals be neutered or spayed.

13. Policy II also prohibited "[d]ogs weighing more than 20 pounds . . . unless there [was] a demonstrated medical need for a larger animal" or unless the animal was trained to perform a particular task requiring the animal to weigh more than 20 pounds.

14. In July 2014, Riverbay again amended its reasonable accommodation policy ("Policy III"), but left in place some of the provisions in Policies I and II, including a prohibition against certain breeds of animals, a prohibition which Riverbay could waive based only on an applicant's undefined "medical need."

<u>Prior Assistance and Service Animal-Related Proceedings</u>

15. Between 1995 and 2014, the Secretary of the United States Department of Housing and Urban Development ("HUD"), the New York State Division of Housing and

3

Community Renewal, and the New York City Commission on Human Rights received and investigated multiple complaints concerning Riverbay's practices concerning reasonable accommodation requests. HUD issued three separate charges of discrimination against Riverbay and participated in two administrative hearings before an administrative law judge ("ALJ") concerning Riverbay's reasonable accommodation policy; in each proceeding, the ALJ determined that Riverbay had violated the FHA.

16. Between January 1, 2005, and November 1, 2011, Riverbay denied 28 out of 42 requests for reasonable accommodations to its no pets rule, and another two individuals did not complete the application process.

17. For example, Riverbay denied applications submitted by Riverbay residents Luz Santiago, Alice Herpin, Ruth Taitt and Andrea Pagan, all of whom submitted applications on behalf of individuals with disabilities as defined by the Act, and all of whom provided sufficient medical documentation substantiating the need for an assistance animal.

18. While these residents' reasonable accommodation requests were pending, Riverbay engaged in a pattern of threatening and harassing behavior against the residents, including by initiating eviction proceedings against Ms. Herpin and Ms. Taitt – which ultimately forced both residents to give away their assistance animals to avoid eviction.

19. Similarly, once Riverbay granted Ms. Pagan's request for a reasonable accommodation, Co-Op City police officers repeatedly harassed and threatened Ms. Pagan, demanding that Ms. Pagan show proof that her assistance animal was allowed on the premises and, on one occasion, refusing to allow her and her assistance animal into a store on Riverbay's premises. As a result of those encounters, Ms. Pagan's disability worsened.

## ADMINISTRATIVE PROCESS

20. On June 26, 2012, HUD's Assistant Secretary for Fair Housing and Equal Opportunity filed a complaint with HUD, alleging that Riverbay discriminated based on disability in violation of the Fair Housing Act by: (1) employing an overly burdensome and intrusive policy governing requests for reasonable accommodation; (2) unlawfully denying reasonable accommodation requests of person with disabilities who sought waivers to Riverbay's no-pets rule; and (3) engaging in a pattern of hostile activity toward persons with disabilities who request reasonable accommodations from its no pets rule.

21. Pursuant to the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD (the "Secretary") conducted and completed an investigation of the allegations.

22. Based on the information gathered in the HUD investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Riverbay violated the Act.

23. On September 30, 2013, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Riverbay with engaging in discriminatory housing practices in violation of the Act.

24. On October 8, 2013, Riverbay timely elected to have the charge resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a). Following this election, the Secretary authorized the Attorney General to file this action on behalf of the Assistant Secretary for Fair Housing and Equal Opportunity at HUD, pursuant to 42 U.S.C. § 3612(o)(1).

25. Pursuant to 42 U.S.C. § 3610(o), Riverbay and the United States agreed to extend, from October 17, 2013, until June 5, 2015, the deadline by which the United States must file a complaint.

## CLAIM FOR RELIEF

### For Violations of the Fair Housing Act

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 57 of this Complaint as if fully set forth in this paragraph.

27. Riverbay violated the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A), by making unavailable or denying dwellings to persons because of their disabilities.

28. Riverbay violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2), by discriminating against individuals in the terms, conditions, and privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of their disabilities.

29. Riverbay violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.

30. Riverbay violated the Fair Housing Act, 42 U.S.C. § 3617, by coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of those persons having exercised or enjoyed, or on account of those persons having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 3604 of the Fair Housing Act.

31. Riverbay's conduct constitutes a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and/or a denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

32. Upon information and belief, there are persons in addition to the persons described herein who have been the victims of discriminatory housing practices by Riverbay. Such persons, including those described in this Complaint, are aggrieved persons as defined in 42 U.S.C. § 3602(i), and have suffered injuries as a result of Riverbay's conduct described above.

33. The discriminatory actions of Riverbay were intentional, willful, and taken in disregard for the rights of the victims of this discrimination.

WHEREFORE, Plaintiff requests that the Court enter judgment:

1. Declaring that Riverbay's policies and practices as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

2. Enjoining Riverbay, its officers, employees, agents, successors, and all other persons in active concert or participation with it, from:

   (a) discriminating in the sale or rental of, or otherwise making unavailable or denying, a dwelling to any buyer or renter or persons associated with a buyer or renter because of a disability of the buyer or renter, in violation of 42 U.S.C. § 3604(f)(1)(A);

   (b) discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

   (c) failing or refusing to make reasonable accommodations as required by 42 U.S.C. §§ 3604(f)(3)(B);

(d) failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, aggrieved persons to the position they would have been in but for the discriminatory conduct;

(e) coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of any person having exercised or enjoyed, or on account of any person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 3604 of the Fair Housing Act;

(f) failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Riverbay's unlawful practices, including modification of Riverbay's reasonable accommodation policy with respect to assistance animals;

3. Awarding monetary damages to all aggrieved persons harmed by Riverbay's discriminatory conduct, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3614(d)(1)(B);

4. Assessing a civil penalty against Riverbay for its knowing, intentional and repeated violations of the Act, pursuant to 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3); and

5. Granting such further relief as this Court may deem just and proper.

The United States requests trial by jury.

LORETTA E. LYNCH
Attorney General of the United States

_____
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

Dated: New York, New York
~~May~~ June 1, 2015

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

By: _____
ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2743
Facsimile: (212) 637-2730
Email: ellen.blain@usdoj.gov